FILED
 2007 Nov-27  PM 05:08
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **RICHARD ELLIS, JR., and SHIRLEY ELLIS, on behalf of themselves and all those similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WHIRLPOOL CORPORATION; MAYTAG CORPORATION, INC.; MAYTAG SALES, INC.; MAYTAG SOUTHEASTERN COMPANY, INC.; and HOME DEPOT USA, INC.**<br><br>Defendants. | Civil Action Number<br>**7:07-cv-0679-UWC** |

### MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS

Presently before the Court is a Joint Motion to Transfer Venue and Joint Motion to Dismiss filed by all Defendants.  (Doc. 16.)  For the reasons that follow, the Court concludes that Defendants' Motion to Transfer Venue is due to be granted.

I.  Factual Background

On April 13, 2007, Plaintiffs filed this putative class action alleging that they purchased a defective Maytag Brand front-loading washing machine from a Home

Depot store located in Tuscaloosa, Alabama.  (Comp., Doc. 1 ¶¶ 1-2.)  Plaintiffs further allege that they experienced a number of problems with their machines, which they attribute to a  "defective design," shared by all other front-loading machines manufactured since 2005 by Whirlpool and the Maytag defendants. (Comp., Doc. 1 ¶ 17.)  Additionally, Plaintiffs claim that Maytag, Whirlpool, and Home Depot were aware of the alleged defects and that their representatives made false representations to purchasers concerning the performance and reliability of the machines.  (Comp., Doc. 1 ¶¶ 42, 47.)

Defendants Whirlpool and Maytag are corporations with their principal headquarters in Berrien County, in the Western District of Michigan.

Home Depot's headquarters are in Atlanta, Georgia.

The named Plaintiffs are residents of Tuscaloosa County, Alabama.  The washing machines in question have been marketed and sold throughout the entire United States.  (Comp., Doc. 1 ¶ 10.)

## II.  The Applicable Law

28 U.S.C. § 1404(a) provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) .  In deciding whether to transfer a case based on *forum non*

*conveniens*, the court must engage in an individualized case-by-case consideration of convenience and fairness.  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

First, the Court must determine whether the action might have been brought in another district.  In making that determination, the Court should consider factors such as: (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; and (6) the public interest."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Generally, the plaintiff's choice of forum should not be disturbed, unless the choice is clearly outweighed by other considerations.  *Id.*, 330 U.S. at 508.  However, a "plaintiff's choice of forum, though usually accorded deference, is not a significant factor when the case is prosecuted as a class action."  *Kober v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)

Second, in making a decision on a § 1404 motion, a court must balance the interest of justice with the convenience of the parties and witnesses.  While public interests – such as court congestion and local interest in having the matter adjudicated at home – the availability and convenience of the witnesses and documents are pivotal factors in deciding a motion to transfer venue.

## III. Analysis

Although venue has been properly laid in the Northern District of Alabama and it is the Plaintiffs' choice to litigate the case here, there is little more to justify a transfer of this action to the Western District of Michigan.

The allegedly defective product was designed and tested in the Western District, the principal witnesses are there, the primary documents are there. Thus, access to sources of evidence favors a transfer to Michigan. The operative corporate defendants have their headquarters in Michigan.

## Conclusion

By separate order, this case will be transferred to the Middle District of Florida.